IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,390-01 & WR-65,390-02






EX PARTE ROBERT ANDRE JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 93-69695-L & 95-01238-L IN CRIMINAL DISTRICT COURT 5


FROM DALLAS COUNTY





 Per curiam.

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk
of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and
unauthorized use of a vehicle and sentenced to forty-five and ten years' imprisonment, respectively. He
did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance of counsel. Specifically,
Applicant alleges trial counsel coerced him into pleading guilty and erroneously advised him that he
would receive a probated sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide applicant's trial counsel with the opportunity to respond to applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of applicant's claim for habeas corpus relief. The trial court shall also
forward the indictment and any records regarding Applicant's guilty plea and the admonishments given
prior to the acceptance of the plea.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 30, 2006

Do not publish